■ STATE OF NEW YORK ex rel. MARY BETH M., Respondent, v CATHOLIC FAMILY CENTER OF THE DIOCESE OF ROCHESTER, Appellant.—Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this habeas corpus proceeding in which the 17-year-old petitioner sought return of her infant son, it is undisputed that petitioner signed a surrender agreement and revoked it within 30 days, but after the infant had been placed for adoption. Thus, Social Services Law § 384 (6) applies. The court found that there was no fraud, duress or coercion on the part of respondent but nullified the surrender on the grounds that it did not recite the provisions of Social Services Law § 384 (6) and that petitioner did not have an attorney or other fiduciary. That was error. The record shows that petitioner was advised of her right to an attorney and declined one, and the record fully supports the court's further conclusion that there was no fraud, duress or coercion. The substance of Social Services Law § 384 (6), effective January 1, 1991, was previously found in Social Services Law § 383 (6) and no statute requires that its contents appear in a surren-

der. Because the child was placed in an adoptive home, it is immaterial whether the surrender was annulled or revoked; in either case, a best interest hearing is required *(see, Matter of Linda S. v Buscaglia,* 134 AD2d 879, *rearg denied* App Div, 4th Dept, Jan. 29, 1988, *appeal dismissed* 70 NY2d 1003) and the matter, therefore, must be remitted for such a hearing. (Appeal from Judgment of Supreme Court, Ontario County, Sirkin, J.—Habeas Corpus.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.